IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-02547-CMA-KLM

BOND SAFEGUARD INSURANCE COMPANY,

    Plaintiff,

v.

JIMMY CAMP DEVELOPMENT, INC.,
   a/k/a JIMMY CAMP DEV., INC., a/k/a JIMMY CAMP, LLC,
ALLEN D. VAN WHYHE,
CARY L. CARPENTER, and
GEORGE KRAMER,

    Defendants.

## ORDER GRANTING AMENDED MOTION TO SET ASIDE COURT ORDER

This matter is before the Court on Garnishee Cumberland Green Metropolitan District's (the "District") Amended Motion to Set Aside Court Order Regarding Answer (Doc. # 64). For the reasons discussed below, the motion is GRANTED.

### I. BACKGROUND

Plaintiff Bond Safeguard Insurance Co., asserting diversity jurisdiction, filed this suit against Defendants Jimmy Camp Development, Allen D. Van Whyhe, Cary L. Carpenter, and George Kramer based on various claims related to Defendants' refusal to pay on bonds issued by Plaintiff. (Doc. # 1.) On December 8, 2011, Plaintiff filed a status report stating that it served the summons and complaint on Jimmy Camp Development through Kevin Donovan, who stated that Jimmy Camp Development does not intend to hire counsel to defend against this suit. (Doc. # 11, ¶ 1.) After several

motions were filed, the Court entered default judgment, jointly and severally, against Defendants Jimmy Camp Development, Mr. Van Whyhe, and Mr. Carpenter. (Doc. ## 24, 27.)

On February 29, 2012, Plaintiff served a writ of garnishment on the District, (Doc. # 30), and on May 14, 2012, Plaintiff filed an answer to the writ, (Doc. # 33). On May 22, 2012, Plaintiff once again filed a writ of garnishment against the District. (Doc. # 34.) Yet, on June 4, 2012, Plaintiff filed a traverse of the first writ, (Doc. # 35), and a certification that it served the traverse on the District, (Doc. # 37). Meanwhile, Plaintiff filed an answer to the second writ on June 5, 2012. (Doc. # 36.) Plaintiffs then filed a motion for an order regarding this second answer, (Doc. # 38), which the Court granted, (Doc. # 40), and entered judgment against the District as garnishee (Doc. # 41).

In February 2013, Plaintiff filed several writs of garnishment against the District. (Doc. ## 45-56.) The District filed this motion on March 19, 2013, (Doc. # 64), Plaintiff answered on April 16, 2013, (Doc. # 72), and the District filed a reply (Doc. # 23).

## II. STANDARD OF REVIEW

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may file a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). The three main grounds that justify reconsideration are: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is

appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

### III. ANALYSIS

Plaintiffs first argue that the Court should not address the District's motion because it is untimely. However, Fed. R. Civ. P. 60(b)(6) allows a court to relieve a party from an order for any reason that justifies relief, so long as the party seeking relief files within a reasonable time. Fed. R. Civ. P. 60(c) (one year time limit only pertains to motions pursuant to Rule 60(b)(1)-(3)). Here, the District filed its motion prior to one year and considering the complicated procedural history of this case, the Court finds that this time frame was reasonable.

The District's motion makes several arguments in support of its contention that the Court should reconsider its order that allowed Plaintiff to garnish the District for the judgment entered against Defendant Jimmy Camp Development. These arguments essentially assert that Plaintiff, once it traversed the District's writ, was required to request a hearing to determine whether garnishment was proper.

The District answered the first writ, stating that it held a "Developer Reimbursement Agreement dated 2/8/06 . . . amount owing of @ $1,200,000", and attached a copy of the agreement. (Doc. # 33.) Less than a week later, Plaintiff once again filed a writ of garnishment against the District. (Doc. # 34.) In the interim, Plaintiff filed a traverse of the first writ, in which it contested not only the District's use of "@" to denote an approximate amount, as Plaintiff contends, but also objected to the No Debt clause in the attached Reimbursement Agreement because it was inapplicable, unconscionable, and for "other legal and equitable reasons." (Doc. # 35 at 1-2.) This

traversed the District's answer and triggered Plaintiff's duty to set a hearing. *See* Colo. R. Civ. P. 103 § 8(b).

The day after filing the traverse, Plaintiffs filed the answer to the second writ, in which the District stated that it held a "Developer Reimbursement Agreement dated 2/8/06 . . . amount owing of $1,200,000" and again attached a copy of the same Reimbursement Agreement, which contained the "No Debt" clause. (Doc. # 36.)[1] Although Plaintiff correctly points out that the order at issue here was based on the second writ, the basis of the traverse—namely the No Debt clause in the Reimbursement Agreement—demonstrates that there is an issue as to whether this debt is contingent and therefore not subject to garnishment. *See Haselden Langley Constructors, Inc. v. Graybar Electric Co.*, 662 P.2d 1064, 1065 (Colo. 1983) ("When a garnishee . . . alleges a contingent liability in his answer to the writ of garnishment, the proper procedure to follow . . . is for the garnishor to traverse the garnishee's answer . . . .")

Upon consideration of the Amended Motion to Set Aside and the entire file, the Court finds that circumstances exist that justify a decision to reconsider and vacate the order entering judgment against the District as garnishee. Plaintiff acknowledged the problematic nature of the Reimbursement Agreement in its traverse and put the No Debt clause in the agreement at issue. The Court also notes that since February 2013, Plaintiff has filed six writs of garnishment against the District. (Doc. ## 45-56.) The Court finds that to it would be manifestly unjust to allow Plaintiff to garnish the District

---

[1] The District signed this writ on June 1, 2012, four days before Plaintiff's filed their traverse.

4

when there is a possibility that the Reimbursement Agreement precludes garnishment, see *Servants of the Paraclete*, 204 F.3d at 1012, and therefore GRANTS the District's motion.[2]

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED that the District's Amended Motion to Set Aside Court Order Regarding Answer, (Doc. # 64), is GRANTED. It is

FURTHER ORDERED that the Court's Order Regarding Garnishment, (Doc. # 40), and the Judgment in a Civil Action, (Doc. # 41), are STAYED pending a traverse on the writs of garnishment. It is

FURTHER ORDERED that the pending writs of garnishment against the District are DISSOLVED. It is

FURTHER ORDERED that, within 14 days from the date of this Order, Plaintiff and Garnishee shall file a joint proposed briefing schedule. Upon review of the briefing schedule, the Court will set a traverse hearing.

DATED: May __01__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] To the extent that both parties make arguments regarding the propriety and effect of the Reimbursement Agreement, these arguments are more appropriately raised in submissions to the Court in conjunction with the traverse. *See Van Skiver,* 952 F.2d at 1243 (a motion to reconsider only raises for the review the court's order and does not revive underlying motions); Colo. R. Civ. P. 103 § 8(b)(3) (upon hearing of the traverse, the court determines whether the garnishee is liable to the judgment debtor at the time of service of the writ).